IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

PEDRO LUIS SANCHEZ                                                              PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 5:07cv50-DCB-MTP

UNITED STATES OF AMERICA, et al.                                         DEFENDANTS

## MEMORANDUM OPINION AND ORDER

On March 6, 2007, the Plaintiff filed a complaint and requested *in forma pauperis* status. An order [13] was entered on November 8, 2007, directing the Plaintiff to file a response. His response [14] was filed on November 29, 2007. On May 19, 2008, an order [15] was entered directing the Plaintiff to state specifically how and when defendant Reese violated his constitutional rights. The Plaintiff filed a motion for an extension of time [16] on June 5, 2008. This Court by order [18] entered on June 11, 2008, granted the Plaintiff until and including July 9, 2008, to comply with the order [15] entered on May 19, 2008. The Plaintiff filed his response [19] on June 27, 2008, but the Court once again found that the Plaintiff had failed to provide specific allegations against defendant Reese. Therefore, the order [20] entered on November 6, 2008, directed the Plaintiff to file a response on or before November 26, 2008, stating specifically how and when defendant Reese violated his constitutional rights. The Plaintiff failed to comply with the order [20] of November 6, 2008.

When the Plaintiff failed to comply with the order [20] of November 6, 2008, even though he had been warned that failure to comply could result in the dismissal of the instant civil action, out of an abundance of caution, an order to show cause [21] was entered on January 6, 2009. The order of show cause [21] was addressed to the Plaintiff at his last known address and

directed him to comply on or before January 21, 2009. The Plaintiff has not complied with this order.

The Plaintiff has failed to respond to two court orders. A review of the record demonstrates that the Plaintiff has not contacted this Court since June 27, 2008. Thus, this Court finds that it is apparent from the Plaintiff's failure to communicate with this Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Link, supra*, 370 U.S. at 630.

Since the Defendants have never been called upon to respond to the Plaintiff's pleading, and have never appeared in this action, and since this Court has never considered the merits of the Plaintiff's claims, the Court's order of dismissal should provide that dismissal is without prejudice. *Shaw v. Estelle*, 542 F.2d 954 (5th Cir. 1976).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

This the ___3rd___ day of March, 2009.

                                                                        ___s/ David Bramlette___

UNITED STATES DISTRICT JUDGE